UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA ADAMS,

      Plaintiff,

                                    Case No. 23-11399

v.                                 Hon. Jonathan J.C. Grey

SELECT QUOTE, INC.,

      Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR RECONSIDERATION
(ECF No. 24)**

This matter is before the Court on Plaintiff Jessica Adams' motion
for reconsideration (ECF No. 24) of this Court's March 29, 2025 opinion
and order granting in part and denying in part her renewed motion for
default judgment (ECF No. 22). For the reasons stated below, the Court
**GRANTS IN PART AND DENIES IN PART** Adams' motion for
reconsideration.

I.    **BACKGROUND**

Adams filed her complaint on June 12, 2023. (ECF No. 1.) On
August 1, 2024, Adams filed a renewed motion for default judgment.

(ECF No. 17.) On October 3, 2024, the Court held a hearing on the motion. Following the hearing, Adams filed a certification of damages. (ECF No. 21.) On March 29, 2025, the Court entered its opinion and order granting in part and denying in part Adams' request. (ECF No. 22.) Specifically, the Court partially denied default judgment and awarded reduced attorneys' fees. (*Id.*) Adams now files a motion for reconsideration of the Court's order pursuant to Federal Rule of Civil Procedure 59(e).

## II.   LEGAL STANDARD

"Motions to reconsider are evaluated under the same standard as a motion to alter or amend a judgment under Rule 59(e)." *Thorpe v. Breathitt Cnty. Bd. of Educ.*, 8 F. Supp. 3d 932, 948 (E.D. Ky. 2014) (citations omitted). "Under Rule 59, a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)). "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault. Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted).

### A.   ADA Discrimination and Retaliation Claims

Adams asks the Court to reconsider its denial of default judgment as to Count I (discrimination in violation of the Americans with Disability Act ("ADA"), Count III (retaliation in violation the ADA), and Count IV (retaliation in violation of the Michigan Persons with Disabilities Civil Rights Act). (ECF No 24, PageID.135–136.) Having considered the arguments raised by Adams and the legal standard that governs motions for default judgment, the Court agrees that default judgment was appropriate. Accordingly, the Court **GRANTS** Adams motion for reconsideration as to Counts I, III, and IV.

### B.   Damages

"Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Antoine v. Atlas Turner*, Inc. 66 F.3d 105, 110 (6th Cir. 1995) (citation and internal quotation marks omitted). "Unlike allegations on liability, damages allegations are not taken as true at this stage in litigation." *Kramer v. 4447 Prop., LLP*, No. 1:25-CV-00797, 2025 WL 3274427, at \*2 (N.D. Ohio Nov. 19, 2025) (citing *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009)). Instead, "[t]he district court must conduct an inquiry

in order to ascertain the amount of damages with reasonable certainty." *Id.* (citation and internal quotation marks omitted).

### 1.    *Economic Damages*

Adams sought a total of $46,552.00 in economic damages. (ECF No. 17, PageID.68.) That figure included: (1) the difference between the $18.00 hourly rate that Defendant Select Quote promised Adams when it hired her and the $7.25 hourly rate that it actually paid her; (2) missed overtime payments while employed by Select Quote; (3) compensation during a period of unemployment; (4) reimbursement for money that Adams withdrew from her savings account and credit card bills; and (5) compensation for post-Select Quote employment at a rate of less than $18.00 an hour and lost overtime. (*Id.*, PageID.68–70.)

The Court's March 29, 2025 opinion already addressed Adams' first and second requests. It denied the first request because "Adams' claim for compensation at $18 an hour [was] unrelated to any claim in the complaint." (ECF No. 22, PageID.110–111.) It partially granted the second request by awarding overtime payments at a rate of $10.88 an hour plus liquidated damages, totaling $2,088.96. (*Id.*, PageID.111–112.) Adams does not seek reconsideration of either of these determinations.

However, having found that Adams was entitled to default judgment on Counts I, III, and IV, the Court turns to whether additional economic damages were warranted as to those three counts. Starting with her third request, Adams sought 12 weeks of backpay at an hourly rate of $18.00 and 12 weeks of lost overtime payments at an hourly rate of $27.00. As already determined, Adams' claim for compensation at an hourly rate of $18.00 was unrelated to any claim in the complaint. (*See* ECF No. 22, PageID.110–111.) Further, Adams did not provide any verification to the Court that showed Select Quote ever paid her $18.00 an hour. Instead, she concedes that Select Quote paid her $7.25 an hour. Accordingly, the Court cannot find with "reasonable certainty" that Adams was entitled to backpay at a rate $18.00 an hour and will instead award 12 weeks of backpay at an hourly rate of $7.25, totaling $3,480.00 ($7.25 x 40 = $290.00; $290 x 12 = $3,480.00), and 12 weeks of lost overtime at an hourly rate of $10.88, totaling $1,044.48 ($10.88 x 8 = $87.04; $87.04 x 12 = $1,044.48).

As to her fourth request, Adams sought $3,000.00 for used savings and $15,000.00 for credit card bills and monthly interest that she accumulated during her three months of unemployment. Adams cited no

authority in support of this request. Further, the scant documentation that Adams provided to the Court included only incomplete credit card statements from September 2024. According to her complaint, Adams "was forced to resign from the position on or about May 5, 2022." (ECF No. 1, PageID.5.) Adams gave no explanation as to how credit card statements from September 2024 were relevant to determining damages related to her three months of unemployment starting around May 2022. Thus, Adams failed to carry her burden of establishing entitlement to these damages.

Finally, Adams sought compensation for subsequent employment at a lesser hourly rate ($14.00 and $16.00 an hour) and lost overtime. As stated above, Adams failed to carry her burden in showing she was entitled to any recovery at $18.00 an hour. Further, following her unemployment, Adams was hired at rates *exceeding* the $7.25 rate she was paid by Select Quote. The Court thus refrains from awarding any decreased hourly rate losses; however, it will award the requested 28 weeks of lost overtime at a rate of $10.88, totaling $2,437.12 ($10.88 x 8 = $87.04; $87.04 x 28 = $2,437.12)

2. *Non-Economic Damages*

Adams sought a total of $75,000.00 in non-economic damages, consisting of $50,000.00 for a 110-point decrease in her credit score "due to the failure to meet economic liabilities" and $25,000.00 for pain, stress, and humiliation. (ECF No. 17, PageID.70.) The Court's March 29, 2025 order already determined that Adams failed to carry her burden as to the $50,000.00 request, and Adams does not seek reconsideration of this finding. As to the latter request, although Adams has not established that the harm she suffered was severe enough to warrant an award of $25,000.00, the Court finds $10,000.00 appropriately compensates Adams for the emotional harm she suffered as a result of the retaliation and discrimination. *See, e.g., Wagner v. ST Powell*, LLC, No. 2:24-CV-1045, 2025 WL 2711394, at *4 (S.D. Ohio Sept. 23, 2025). Accordingly, the Court awards Adams a total of $10,000.00 in non-economic damages.

3. *Attorney Fees*

### a.   **Carla Aikens' Attorney Fees**

Adams seeks reconsideration of the attorney fee awarded to Carla Aikens. The Court previously determined that, based on the documentation provided to the Court, $400.00 was a reasonable hourly

rate for Aikens. (ECF No. 22, PageID.115.) Adams now offers additional information to bolster Aikens' otherwise unsubstantiated request for fees that would have placed her in the 95th percentile.

On October 3, 2024, a motion hearing was held in this case in which the Court ordered Adams' counsel to substantiate the requested attorneys' fees with resumes and indicia of experience. Austen Shearouse, an attorney employed by Aikens' firm, appeared on behalf of Adams at the hearing. According to the motion for reconsideration, "Mr. Shearouse is no longer employed with Plaintiff's counsel's office and undersigned counsel [Aikens] was not aware of any such requirement to provide attorney information being ordered by the Court until seeing the March 29, 2025 order." (ECF No. 24, PageID.137.)

Adams' request fails. She points to no legal error, no *newly* discovered evidence, and no intervening change in controlling law. *Intera Corp.,* 428 F.3d at 620 (citations omitted) (A district court may alter a judgment pursuant to Federal Rule of Civil Procedure 59 based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."). Finally, the Court is unpersuaded that increasing Aikens rate from the

75th to the 95th percentile is necessary to prevent a manifest injustice. *Id.* The Court thus **DENIES** Adams request for reconsideration of Aikens' hourly rate.

### b.      Thirty Percent Reduction of Attorneys' Fees

Finally, Adams seeks reconsideration of the Court's 30 percent reduction of the attorneys' fees. The Court previously reduced the attorneys' fees award due to limited success and unrelatedness of the then-successful claims. (ECF No. 22, PageID.120.) However, considering the Court's entry of default judgment as to Counts I, III, and IV and that the Sixth Circuit considers discrimination and retaliation claims related for purposes of awarding attorneys' fees, *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 825 (6th Cir. 2013) (citation and internal quotation marks omitted), the Court **GRANTS** Adams' request for reconsideration and finds a full attorneys' fees award of $5,600.00 appropriate in this case.

## III.   CONCLUSION

For the foregoing reasons, Adams' motion for reconsideration (ECF No. 24) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS ORDERED** that, in addition to Counts V and VI, default judgment **SHALL** be entered as to Counts I, III, and IV.

**IT IS FURTHER ORDERED** that Adams is to be awarded a total of $25,120.56,[1] which consists of $9,050.56 in economic damages, $10,000.00 in non-economic damages, $470.00 in costs, and $5,600.00 in attorneys' fees.

**SO ORDERED.**

<u>**s/Jonathan J.C. Grey**</u>
Hon. Jonathan J.C. Grey
Date: March 27, 2026               United States District Judge

---

[1] This total **includes** the previously awarded damages. (ECF No. 22, PageID.121.)

10

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 27, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager